GROSSE ISLE HOTEL COMPANY v. EXECUTORS OF MILES I'ANSON, DECEASED.

1. By the terms of a subscription to stock, the subscriber agreed to take the stock, and to pay all charges and assessments regularly levied or assessed by the board of directors. No assessment or call was made. In an action to recover the whole amount of the price of the stock— *Held*, that by the terms of the subscription, the company could only recover the price after assessment or call.

2. The written instrument is the only competent evidence of the agreement, and its terms cannot be contradicted by parol proof that, at the time it was signed, the understanding was that the payment should not be according to calls, but without any call whatever.

3. The fact that, notwithstanding the terms of the subscription, the subscriber paid the full price for part of the stock subscribed for, does not establish his liability to pay in like manner for the rest, and is not evidence of an agreement on his part to pay without call.

In error to the Supreme Court.  For opinion of the Supreme Court, see 13 *Vroom* 10.  ·

For the plaintiff in error, *Alfred Russell*, (of Detroit, Mich.)

The plaintiff in error is a Michigan corporation, which, by due proceedings, increased its capital stock, and defendant's testator, I'Anson, subscribed for $7000 of the new issue.

The testimony of the witness Alexander before the jury was full and uncontradicted to the point that, shortly after signing the subscription, and when no call, charge or assessment had ever been laid by the directors, I'Anson elected to pay for $3000 of his subscription, and accepted a full-paid certificate of the number of shares equaling that sum, and at the same time, upon a tender to him of a certificate for the whole number of shares subscribed for, ($7000,) promised to take said certificate, and pay for it $4000 in a few days.  All this at the time and place of signing the subscription, and in New Jersey.

Suit was brought for the $4000 and interest, and on a trial before Judge Depue and a jury, the plaintiff had a verdict and judgment; but the Supreme Court granted a new trial, mainly on the ground that no call had been made.

I. I'Anson contracted to become a stockholder, and to take the number of shares designated by him.  An additional stipulation was that he would pay assessments.  This additional stipulation was *a mere condition in regard to the time and instalments in which he would pay the principal sum which he engaged to pay by the main operative words of his contract, and that it was competent for him, in law, to waive this condition, and that, in fact, he did waive it.*

Were this not so, the $3000 must be regarded as paid without consideration, and could be recovered back.

The agreement of subscription created the promise to pay, and is completely separate and distinct from the agreement to pay calls.  *D. & M. R. R. Co.* v. *Millerd*, 3 *Mich.* 91.

II. The agreement to pay calls is connected with the prin-

cipal undertaking to take the stock. But it is a mere provision for postponement of payment for the advantage of the subscriber, the benefit of which he may relinquish. *Carson* v. *Arctic Mining Co.*, 5 *Mich.* 288.

III. When a subscription is made upon condition, the subscriber may subsequently waive the condition and bind himself absolutely. *Thompson L. of S.*, § 116; *O'Donnell* v. *R. R.*, 14 *Ind.* 259; *R. R.* v. *Hatch*, 11 *N. Y.* 102.

IV. I'Anson paid part of his subscription; he is therefore estopped, upon familiar principles of law, from denying his liability for the balance. If he had insisted upon calls before he paid for the stock which he actually received, the company would, without doubt, immediately have called in the balance. The failure to make calls is due to the company being misled by I'Anson's conduct. *Thompson L. of S.*, *ch. XI.*; *Frost* v. *Walker*, 60 *Me.* 468; *Miss. R. R.* v. *Harris*, 36 *Miss.* 17; *Graff* v. *R. R.*, 31 *Penna. St.* 489; *Hayes* v. *R. R.*, 38 *Id.* 81; *Harrison* v. *Heathorn*, 6 *Man. & G.* 81.

V. But the defendant is not in a position to insist upon any irregularities in the increase of stock, if any there be. He subscribed for the *increased* stock, and paid for part of it, and promised to pay for the balance. If a person subscribes for or purchases stock, he is estopped from denying the validity of the organization of the corporation or the regularity of the issue of stock. *Thompson L. of S.*, § 162.

Or if he pays calls. *Id.*, § 164; *Pittsburgh R. R.* v. *Steward*, 41 *Penna. St.* 54; *Graff* v. *Pittsburgh R. R.*, 31 *Id.* 489; *Dayton R. R.* v. *Hatch*, 1 *Dis.* 84.

Or acts as director, &c. *Thompson L. of S.*, §§ 406, 407; *R. R.* v. *Thatcher*, 11 *N. Y.* 102. See, also, *Swartwout* v. *R. R.*, 24 *Mich.* 389–393; *Bridge Co.* v. *Prange*, 35 *Id.* 403; *Smith* v. *Shuley*, 12 *Wall.* 361. See *Chub* v. *Upton*, 95 *U. S.* 665, and cases there cited; *Green's Brice's Ultra Vires* (2d ed.) 520, 521, and note *b*; *Upton* v. *Hansbrough*, 3 *Biss.* 417.

VI. The receipt of the $3000 certificate constituted I'Anson a stockholder and member. *McLaughlin* v. *D. & M. Co.* 8 *Mich.* 100.

He then, being a member, entered into a verbal contract with the corporation, through its general agent and manager, entirely outside of, and independent of, his original subscription, to take the one hundred and sixty shares, the price of which is sued for, and pay upon the same the whole price ($4000) at one time, within a few days. There is nothing in the statute or by-laws fixing the method of subscription, and a parol contract is valid.

The consideration of his promise to pay was the obligation of the company to ·issue the stock. *Carlisle* v. *S. V. & T. L. R. R.*, 27 *Mich.* 319; *Ang. & A. on Corp.*, §§ 523, 527.

VII. The subscription to the capital stock is, of itself, an agreement to pay for it. The interest thereby acquired is a sufficient consideration to enable the company to support an action against the subscriber for the recovery of the amounts subscribed. *Ang. & A. on Corp.*, § 517; *Warehouse Co.* v. *Badger*, 67 *N. Y.* 294; *Spear* v. *Crawford*, 14 *Wend.* 20; *R. R.* v. *McCormick*, 10 *Ind.* 497.

Calls were not necessary. *Wilson* v. *R. R.*, 33 *Ga.* 466. See, also, *R. R.* v. *Perkins*, 28 *Iowa* 281; *Marsh* v. *Burroughs*, 1 *Wood C. C.* 463; *Sawyer* v. *Hoag*, 17 *Wall.* 610; *Upton* v. *Tribilcock*, 91 *U. S.* 45.

VIII. *Without overruling the Supreme Court* on the main point of its decision—to wit, that the word "assessment" does not apply to sums beyond the face of the stock—this court should decide for the plaintiff in error, on any one of the following grounds. *These grounds were not presented or passed upon in the Supreme Court:*

1. That there was an independent parol contract subsequent to the subscription paper, to take $7000 of stock, and to pay the whole price at one time; by which contract the corporation was bound, and could have been compelled to deliver the stock, and the obligation was reciprocal to pay for it.

2. That there was, beyond question, such a binding independent contract to take and pay for the $4000 stock, made after I'Anson had become a stockholder, by taking his $3000

certificate; and the company could have been forced to receive I'Anson as a member in respect of $4000 stock.

3. That there was a valid waiver of the condition of calls in the original subscription paper.

4. That there never was any intention on the part of the corporation, or I'Anson, or any of his co-subscribers, that there should be any calls; as is evidenced by the fact that all the other stock was fully paid by offsets, and that I'Anson never referred to the absence of calls, that none were ever made, and that I'Anson's object in subscribing was to furnish ready money to aid present difficulties.

For the defendant in error, *J. Henry Stone.*

I. The obligation of a subscriber to the capital stock of a corporation is measured by the terms of the subscription paper. When those terms are not absolute, but are made subject to certain conditions to be performed by the corporation, those conditions are conditions precedent, and until performed, no liability attaches. *Ridgefield and N. Y. R. R. Co.* v. *Brush,* 43 *Conn.* 86; *Goff* v. *Winchester College,* 6 *Bush* (*Ky.*) 443; *Belfast, &c., R. R. Co.* v. *Moore,* 6 *Me.* 561; *Brewers' Fire Ins. Co.* v. *Burger,* 17 *N. Y.* (*S. C.*) 56; *Thompson L. of S.,* § 116. And parol agreements made at time of signing, inconsistent with subscription, are void. *Id.,* § 121, &c.

II. The signing of a subscription to stock which contains no express promise to pay, imposes no obligation until a call is made. *Dexter and Mason Pl. Road Co.* v. *Millerd,* 3 *Mich.* 91; *Carson* v. *Arctic Mining Co.,* 5 *Mich.* 288; *Grosse Isle Hotel Co.* v. *Ex'rs of I'Anson,* 13 *Vroom* 10.

III. Where the amount of capital stock is fixed by the articles, no call can be made, unless there is a provision to that effect in the articles or in the general law, until the whole amount is subscribed. *Peoria, &c., R. R. Co.,* v. *Preston,* 35 *Iowa* 115; *Hughes* v. *Antietam Mining Co.,* 34 *Md.* 316; *Green's Brice's Ultra Vires* 105, note; *Garling* v. *Baechtel,* 41 *Md.* 305.

IV. An increase of the capital stock of a corporation can only be legally made by statutory permission. If any conditions are imposed by such permission, those conditions must be complied with to render the increase legal. Where one of the conditions is that it must be ordered at a meeting of stockholders legally called, and the order is made at a meeting when no quorum is present, or at one not legally called, the increase is illegal. *Dillon on Mun. Corp.*, § 230; *Id.*, § 200, *et seq.*, as to notice; *Green's Brice's Ultra Vires* 350; *N. Y. & N. H. R. R. Co.* v. *Schuyler*, 34 *N. Y.* 30; *Green's Brice's Ultra Vires* 112, and note; *Ohler* v. *Baltimore, &c., R. R. Co.*, 41 *Md.* 583.

V. Where no consideration is given, or it is insignificant, a subscriber is not bound unless tender of the stock is made. *Clark* v. *Continental Imp. Co.*, 57 *Ind.* 135.

The opinion of the court was delivered by

THE CHANCELLOR. The suit in which the judgment in question was rendered was brought by the Grosse Isle Hotel Company, a Michigan corporation, the plaintiffs in error, against the executors of Miles I'Anson, deceased, the defendants in error, to recover the amount of a subscription by Mr. I'Anson to the capital stock of the hotel company. By the terms of the subscription, Mr. I'Anson agreed to take the stock, and to pay all charges and assessments regularly levied or assessed by the board of directors or other proper officers, under the articles of association of the company, or any by-laws or regulations then or thereafter to be passed for the government of the company. No assessment or call was ever made, and the suit was brought to recover the whole amount of the price of the stock. A verdict in favor of the plaintiffs was set aside, on the ground that the plaintiffs were, by the terms of the subscription, only entitled to recover the price after assessment or call. See *Grosse Isle Hotel Co.* v. *I'Anson*, 13 *Vroom* 10. A subsequent trial resulted in a verdict for defendants, by direction of the court. The construction put upon the subscription by the Supreme Court is undoubtedly

correct, and, indeed, is not disputed ; but it is claimed that I'Anson, at the very time of subscribing, by an oral agreement, waived the terms, and became liable to pay the whole at once. The written instrument is the only competent evidence of the agreement, and its terms could not be contradicted by parol proof that, at the time when it was signed, the understanding was, not that he should pay according to calls, but without any call whatever. Moreover, there is no proof that such agreement to pay the whole price without call was either then or subsequently made by him. The fact that, notwithstanding the terms of the subscription, he paid the full price for part of the stock subscribed for, does not establish his liability to pay in like manner for the rest, and it is not evidence of an agreement on his part to pay without call.

The judgment of the Supreme Court should be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, DIXON, PARKER, REED, VAN SYCKEL, CLEMENT, COLE, DODD, GREEN.   10.

*For reversal*—None.